UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JARON D. REEVEY, | : | Civil No. 09-2516 (FLW) |
| Petitioner, | : |  |
| v. | : | **MEMORANDUM OPINION** |
| STATE OF NEW JERSEY, et al., | : |  |
| Respondents. | : |  |

IT APPEARING THAT:

1.  On May 12, 2009, Petitioner, who is currently serving a federal sentence, see United States v.

Reevey, Crim. No. 02-0146 (WDQ) am. judgm. conviction (D. Md. Sept. 7, 2005), executed a Petition

for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered in the

Superior Court of New Jersey, Monmouth County on July 29, 2005.

2.  By Order and Notice entered May 29, 2009, this Court notified Petitioner of the consequences

of filing a § 2254 Petition, and gave him an opportunity to withdraw the Petition.  See Mason v. Meyers,

208 F. 3d 414 (3d Cir. 2000).

3.  On June 9, 2009, Petitioner filed a response to the Mason Order in which he asks this Court to

enter an order for a stay and abeyance of the § 2254 Petition on the following grounds: (a) Petitioner has

been unable to obtain legal assistance at FCI Schylkill (where he is incarcerated), he is ignorant of the

law, and he has not been able to adequately research the law regarding a response to the Mason Order;

(b) the Superior Court of New Jersey, Law Division, Monmouth County (the court which imposed the

conviction Petitioner challenges in the § 2254 Petition), has scheduled Petitioner's resentencing for June

12, 2009, pursuant to the opinion of the Superior Court, Appellate Division, dated April 10, 2008, which

reversed Petitioner's July 29, 2005, convictions for felony murder (count two), armed robbery (count

three), and conspiracy (count six) and remanded for a new trial; affirmed the convictions for murder

(count one), possession of a weapon for an unlawful purpose (count four), and unlawful possession of a weapon (count five); affirmed the sentence on the murder conviction (count one); and remanded for resentencing on the convictions for possession of a weapon for an unlawful purpose (count four) and unlawful possession of a weapon (count five). [Docket entry 3, p. 7.] See State v. Reevey, 2008 WL 959251 (N.J. Super., App. Div., Apr. 10, 2008).

4.  The New Jersey conviction which Petitioner challenges in the instant § 2254 Petition is not final for the purpose of filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Kapral v. United States, 166 F. 3d 565, 575 (3d Cir. 1999) (a conviction becomes final for purposes of filing habeas petition or other collateral attack on the conviction or sentence either when the Supreme Court denies certiorari or the time to file a petition for certiorari expires).

5.  Because the conviction Petitioner challenges is not final, the one-year statute of limitations has not yet begun to run. See 28 U.S.C. § 2244(d)(1)(A) (one year period of limitation applying to a petition for a writ of habeas corpus by a person challenging the judgment of a state court runs from the latest of four dates, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review).

6.  Good cause for a stay and abeyance is not present, and a stay is not warranted. See Rhines v. Weber, 544 U.S. 269, 274-79 (2005).

7.  Because Petitioner's state conviction is not final on direct review, the instant § 2254 Petition is premature. This Court will dismiss the Petition without prejudice as premature and deny a certificate of appealability.

8.  An appropriate Order accompanies this Memorandum Opinion.


          s/Freda L. Wolfson
June 17, 2009          **FREDA L. WOLFSON, U.S.D.J.**